KING, P.J., for the Court:
¶ 1. Montego Mitchell perfected this appeal from an order of the Marion County Circuit Court, which denied post-conviction relief. Mitchell was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections for two counts of armed robbery. The following allegations of error are taken verbatim from the appellant’s brief: (1) whether the court erred in dismissing appellant’s motion to vacate guilty plea because same was not knowingly, voluntarily and intelligently entered into for failure to fully and adequately advise of nature and consequences of the guilty plea and (2) whether the court erred in dismissing appellant’s motion to vacate guilty plea because appellant was denied effective assistance of counsel for providing appellant with clearly erroneous information regarding parole eligibility and erroneous information regarding the mandatory minimum in this case.
FACTS
¶2. On February 22, 1995, Montego Mitchell was arrested for the armed robbery of a BP Gas Station and a Dixie Gas Station located in Marion County. On May 31, 1995, Mitchell was charged with two counts of armed robbery by displaying a gun.
¶ 3. On June 23, 1995, Mitchell entered guilty pleas to the armed robbery charges. The trial judge informed Mitchell that a guilty plea would waive his right to a jury *622 trial, other constitutional protections, and an appeal to the supreme court. Mitchell stated that he understood. The judge questioned Mitchell to determine if he understood the maximum penalty allowable for the charges. Mitchell acknowledge that he understood the possible penalty as a sentence less than life. Having determined that Mitchell freely and knowingly made this decision, the court accepted his pleas of guilty. The charges were read, and Mitchell testified that he understood the nature of the charges.
¶ 4. On June 8, 1995, Mitchell was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Aggrieved by the sentence imposed, Mitchell petitioned the Marion County Circuit Court for post-conviction relief. The motion was dismissed, and Mitchell perfected this appeal.
ISSUES AND ANALYSIS
I.
Whether the court erred in dismissing the appellant’s motion to vacate his guilty plea because it was not knowingly, voluntarily and intelligently entered.
¶ 5. Mitchell argues that his guilty pleas were involuntary because he was not fully and adequately advised of the nature and consequences of the plea. Mitchell asserts that his attorney erroneously informed him of his parole eligibility and the minimum sentence available for the charges. A review of the transcript reveals that the following took place:
BY THE COURT: Do I need to read these two charges to you?
BY MR. BROADHEAD: Your Honor, on behalf of Mr. Mitchell, I’ll waive the reading of the indictment — of the information with the understanding that Montego is pleading guilty to two counts of armed robbery with the commission of a firearm, which will make it non-parolable offense, and these armed robberies took place at the Dixie Gas Station and the BP Gas Station, both here in Columbia, Mississippi.
Later in the hearing the trial judge inquired about Mitchell’s plea:
BY THE COURT: All right, Montego Mitchell, on the charge of armed robbery in Cause Number 6286-2 here in Marion County, how do you plead, guilty or not guilty?
BY THE DEFENDANT: Guilty.
BY THE COURT: On the charge of armed robbery in 6287-2 here in Marion County, how do you plead, guilty or not guilty?
BY THE DEFENDANT: Guilty.
BY THE COURT: You’re pleading guilty because you are guilty?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: You committed the offenses as stated in the information?
BY THE DEFENDANT: Yes, sir.
¶ 6. In order for a guilty plea to be voluntarily and intelligently entered, the defendant must be advised about the nature of the crime charged against him and the consequences of his guilty plea. Banana v. State, 635 So.2d 851, 854 (Miss.1994). Once Mitchell notified the court of his intent to plead guilty, it was the duty of the trial court to address him personally and to inquire and determine whether he understood the nature and consequences of the guilty pleas. It must also advise him of the maximum and minimum penalties provided by law. Uniform Rules of Circuit and County Court 8.04.
¶ 7. The record reflects that during the hearing, the trial judge advised and questioned Mitchell about his understanding of the charges against him and Mitch *623 ell acknowledged knowing the maximum penalty for his offenses. He affirmatively indicated an awareness of the rights he waived by the guilty pleas. This acknowledgment occurred notwithstanding the misinformation Mitchell previously received regarding parole eligibility and minimum sentence requirements. The record further reflects that when given the opportunity to ask questions of the trial judge or his attorney, Mitchell indicated he had no questions.
¶ 8. While Mitchell’s trial counsel initially misstated the law, he nonetheless, properly informed Mitchell that he was ineligible for parole and would have to serve the entire sentence. However, had counsel not corrected his misstatement, it would not be error. There is no requirement that a defendant be provided information as to the eligibility or ineligibility for parole. Parole is not a judicial matter, but rather is “a matter of legislative grace.” Shanks v. State, 672 So.2d 1207, 1208 (Miss.1996).
¶ 9. Accordingly, this Court finds no error, which would render Mitchell’s guilty pleas to be less than knowingly, intelligently and voluntarily made.
II.
Whether the court erred in dismissing the appellant’s motion to vacate his guilty plea because the appellant was denied effective assistance of counsel.
¶ 10. In this assignment of error, Mitchell argues that he did not receive effective assistance of counsel because trial counsel (1) misinformed him of the eligibility for parole and (2) misrepresented the minimum sentence. Mitchell asserts that he would not have pled guilty if his counsel had properly advised him. Mitchell suggests that counsel’s deficient performance compromised the integrity of the plea process, rendering the plea involuntary.
¶ 11. To establish an ineffective assistance of counsel claim, a party must show (1) a deficiency in counsel’s performance that is (2) sufficient to constitute prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997). The burden is on the defendant to demonstrate the Strickland factors to support an ineffective assistance of counsel claim. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, the totality of circumstances of each case must be considered. McQuarter, 574 So.2d at 687.
¶ 12. Mississippi “recognizes a strong but rebuttable presumption that counsel’s conduct falls within a broad range of reasonable professional assistance.” Id. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
¶ 13. In his brief, Mitchell argues that some time prior to his guilty plea hearing, trial counsel misinformed him of the maximum penalties required for an armed robbery charge and his eligibility for parole. The record does not suggest that trial counsel’s failure to correctly advise Mitchell constituted ineffective assistance of counsel since this misinformation was corrected prior to Mitchell’s guilty plea. See Gaskin v. State, 618 So.2d 103, 107 (Miss.1993). “When asked by the trial judge about his knowledge of the maximum penalty for the charge, Mitchell responded by saying that the maximum penalty was less than life. Trial counsel announced in open *624 court, prior to Mitchell’s entry of guilty pleas, that the charge of two counts of armed robbery with a firearm was a non-parolable offense. Then the trial judge read the charges and asked Mitchell for his plea. Mitchell responded to the court’s inquiry of his plea by pleading guilty to both counts of armed robbery. Mitchell has failed to demonstrate that but for counsel’s performance, the outcome of these proceedings would have Been different, or that he has been prejudiced by counsel’s performance.
¶ 14. This Court accordingly finds no merit in this assignment of error.
¶ 15. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
McMILLIN, C.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.
SOUTHWICK, P.J., concurs in result only.