870 So.2d 681 (2004)
Morgan v. McCLURG, Jr. a/k/a Morgan Vance McClurg, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00324-COA.
Court of Appeals of Mississippi.
April 13, 2004.
Morgan V. McClurg, Jr., appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
THOMAS, J., for the Court.
¶ 1. The State's motion for rehearing is granted; the previous opinions of this Court are withdrawn and the following opinion substituted therefor.
¶ 2. On June 23, 2001, Morgan McClurg, Jr., an inmate in custody of the Mississippi Department of Corrections, filed a complaint in the Circuit Court of Leflore County against the State of Mississippi. McClurg asserted that he is a non-violent first time offender convicted and sentenced before January 1, 2000, and therefore must serve eighty-five per cent of his sentence while similarly situated offenders convicted after January 1, 2000, may be eligible for parole after serving only twenty-five per cent of their sentences pursuant to Mississippi Code Annotated § 47-7-3(l)(i). McClurg argued the distinction in parole eligibility made between similarly situated offenders, specifically those first-time offenders convicted of non-violent crimes, merely on the basis of the timing of their conviction is a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.
*682 ¶ 3. The circuit court dismissed the complaint, finding McClurg lacked standing to complain because with twelve sentences, he was not a first-time offender. McClurg timely filed notice of appeal in forma pauperis. The circuit court found the petition to be one for post-conviction relief and the motion to proceed in forma pauperis was granted. In our original opinion handed down June 24, 2003, we reversed the decision of the trial court and remanded the case for determination of whether or not McClurg was a first-time offender as defined in our first opinion and thus has standing to bring suit.
¶ 4. We held that Judge Sanders was in error in treating McClurg's case as a petition for post-conviction relief, that this was a regular civil suit and that the Department of Corrections and the Parole Board should have been made proper parties and properly served so as to allow them to defend. Nonetheless, we went on to hold that since the Attorney General had filed an appellate brief and would be representing the Parole Board and MDOC in any event, that we should proceed to a decision on the merits of the case.
¶ 5. In its motion for rehearing, the State correctly points out that our original opinion places them in a "Catch-22" position: if the Attorney General accepts the trial court's order that the case is a PCR and files a brief, they thereby waive service of process if the appellate court rules the case is not a PCR. If the Attorney General ignores the lower court's order and does not file a brief, thereby not waiving process, it runs the risk the appellate court will agree the case is a PCR and that a brief should have been filed.
¶ 6. We hold that McClurg should never have been allowed to proceed on appeal in forma pauperis in as much as this is not a PCR, and that the original suit should have been dismissed for failure to properly name and serve the actual parties in interest, namely the Parole Board and Department of Corrections. In view of the fact the circuit court dismissed the complaint, albeit for the wrong reason, we nonetheless are able to affirm the circuit court because of the longstanding rule that we may affirm the trial court when it reaches the right result but for the wrong reason. Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993).
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY.