# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-IA-01181-SCT

*RUTH FREDERICKS, M.D. AND J. MARTIN TUCKER, M.D.*

*v.*

*C. ERIC MALOUF, KRISTINE K. MALOUF INDIVIDUALLY AND ON BEHALF OF KIMBERLY MALOUF, A MINOR*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 07/16/2009 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | DIANE V. PRADAT |
| | L. CARL HAGWOOD |
| | WHITMAN B. JOHNSON, III |
| | KRISTI D. KENNEDY |
| ATTORNEYS FOR APPELLEES: | MICHAEL J. MALOUF, JR. |
| | MICHAEL J. MALOUF, SR. |
| | WILLIAM WALKER, JR. |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED AND REMANDED - 01/19/2012 |
| MOTIONS FOR REHEARING FILED: | 03/17/2011 |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1. The motion for rehearing filed by Ruth Fredericks, M.D., is denied. The motion for rehearing filed by J. Martin Tucker, M.D., is denied. The original opinion is withdrawn and this opinion is substituted therefor.

¶2. Kristine Malouf took the drug Depakote to control her seizures both before and during her pregnancy. While Kristine gave birth to a seemingly healthy child in March 1997, she and her husband eventually discovered the child had brain damage. They contend that Kristine's treating physicians negligently caused this damage and other injuries to their child.

¶3. In 2002, the Maloufs filed a complaint in Hinds County against Dr. Ruth Fredericks, a neurologist; and in 2006, they filed an amended complaint adding Dr. J. Martin Tucker, Jr., an obstetrician-gynecologist ("Defendants"). After the Maloufs joined Dr. Tucker, the Defendants moved to transfer venue to Rankin County. The trial court denied the motion to change venue, finding the Defendants had abandoned it. We granted the Defendants' interlocutory appeal to determine whether the trial court erred in its ruling on venue. We affirm the trial court's finding that the Defendants abandoned their right to contest venue.

**Facts**

¶4. In 1994, Dr. Fredericks began treating Kristine Malouf for seizures with a prescription for Depakote. In November 1995, Kristine and her husband met with Dr. Fredericks to discuss the risks and complications associated with pregnancy, epilepsy, and Depakote. Dr. Fredericks referred Kristine to Dr. Tucker for additional preconception counseling regarding her seizure disorder and Depokote. The Maloufs first met with Dr. Tucker in December 1995 for this preconception counseling.

¶5. Kristine discovered she was pregnant on July 28, 1996. Dr. Fredericks remained Kristine's neurologist until November 1996, while it appears that Dr. Tucker treated Kristine throughout her pregnancy. On March 20, 1997, Kristine gave birth to a seemingly healthy girl, Kimberly Malouf. But at twenty-two months, Kimberly was diagnosed with

2

periventricular leukomalacia, a type of brain injury. And in 2005, a geneticist diagnosed Kimberly with valproate syndrome caused by exposure to Depakote.

**Procedural History**

¶6.     On December 31, 2002, the Maloufs, individually and on behalf of Kimberly, filed a complaint against Dr. Fredericks in the Circuit Court of the First Judicial District of Hinds County. They averred that Dr. Fredericks was negligent in prescribing insufficient amounts of Depakote during pregnancy and as a result, Kristine suffered multiple seizures throughout her pregnancy that allegedly caused permanent brain damage to Kimberly. With leave of the court, the Maloufs filed an amended complaint on May 5, 2006. In this complaint, they named as defendants Dr. Fredericks and Dr. Tucker, and they added an averment that Kimberly's brain damage was caused by the Depakote itself. The Maloufs asserted all claims against both doctors.

¶7.     In response to the amended complaint, Dr. Tucker moved to change venue to Rankin County, or in the alternative, to sever the claims against him and transfer them to Rankin County. He argued that the version of Mississippi Code Section 11-11-3 that was effective at the time of the amended complaint governed, and that all counseling and subsequent treatment had occurred at his Rankin County office. Dr. Fredericks joined Dr. Tucker's motion. The record shows that Dr. Tucker filed a notice of hearing for the motion set for August 15, 2006.

¶8.     In response to the Defendants' motion, the Maloufs asserted that venue was proper at the time they commenced the action, and that the amended venue statute is inapplicable. They argued that venue is proper in Hinds County because Dr. Fredericks resides in Hinds

3

County, has an office in Hinds County, and treated the Maloufs in Hinds County. They claimed that venue was proper at the time the action was filed, and it remained proper after they added Dr. Tucker as a defendant.

¶9.     It was not until February 20, 2009, that Dr. Tucker filed a supplemental joint motion for change of venue. Dr. Fredericks joined this motion. The trial court denied the requested relief, finding the Defendants had abandoned their motion to change venue by failing to renew or pursue the motion until February 20, 2009. The trial court also noted that the parties had engaged in discovery for three years, and at least three trial dates[1] had been set before the Defendants renewed the motion. The trial court found that the Defendants failed to renew the motion until after the deadline set for all motions. Following the circuit court's order, the Defendants filed this interlocutory appeal.

**Discussion**

¶10.    This Court defers to the trial court's findings regarding waiver and abandonment.[2] So we apply an abuse-of-discretion standard to the trial court's findings.

¶11.    The Defendants argue that the venue statute[3] in effect when the amended complaint was filed governs this action, and that venue under this statute is nonwaivable. In support

---

[1]The last trial date was set for August 10, 2009.

[2]*See **MS Credit Ctr., Inc. v. Horton**, 926 So. 2d 167, 181 (Miss. 2006).

[3]When the Maloufs filed their amended complaint, Section 11-11-3 had been amended specifically to address actions filed against physicians: "[A]ny action against a licensed physician . . . for malpractice, negligence, error, omission, mistake, breach of standard of care or the unauthorized rendering of professional services shall be brought *only* in the county in which the alleged act or omission occurred." Miss. Code Ann. § 11-11-3(3) (Rev. 2004) (emphasis added).

4

of their argument, the Defendants rely on the statutory language "[A]ny action against a licensed physician . . . for malpractice . . . *shall be brought only* in the county in which the alleged act or omission occurred."[4] They argue that, under this statute, venue can be only in Rankin County, contending that all acts of alleged negligence occurred only in that county.

¶12.   However, the venue statute[5] in effect when the Maloufs filed their original complaint did not contain a subsection specific to malpractice actions.  Notably, neither Defendant argues that venue was improper when the original complaint was filed in Hinds County.  And in fact, Dr. Fredericks concedes venue was proper in Hinds County at the time the original complaint was filed.

¶13.   The language in effect at the time the Maloufs filed their amended complaint does not support the Defendants' position that venue cannot be waived.  Many of our statutes, including those governing the statute of limitations, contain similar, mandatory language.  We have never held that such language prevents a litigant from waiving a right.

¶14.   In this case, the parties entered into an agreed scheduling order by which a June 28, 2007, deadline governed all pretrial motions.  As the proponents of the motion, the

---

[4]Miss. Code Ann. § 11-11-3(3) (Rev. 2004).

[5]This prior version of the venue statute provided that:

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or in the county where the cause of action may occur or accrue . . . . If a civil action is brought in an improper county, such action may be transferred to the proper county pursuant to section 11-11-17.

Miss. Code Ann. § 11-11-3 (Rev. 2002).

Defendants had the burden to timely pursue their motion before the June 28, 2007, deadline. We have ruled:

> Our trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. Our trial judges also have a right to expect compliance with their orders, and when parties and/or attorneys fail to adhere to the provisions of these orders, they should be prepared to do so at their own peril.[6]

¶15. However, the Defendants argue that the trial court abused its discretion by prohibiting them from obtaining a hearing on their motion to change venue. In support of this argument, the Defendants point to the trial court's local rule that provides "Hearings are not automatically granted . . . [s]hould the court require a motion hearing, the party filing the motion shall be notified by the court." Dr. Tucker argues that he attempted to obtain another hearing date after canceling the August 15, 2006, hearing and points to email correspondence with the trial court's administrator as evidence of such efforts.

¶16. We first note that the trial court's local rules are in derogation of Mississippi Rule of Civil Procedure 83, because they have never been submitted to this Court for approval.[7] Furthermore, the local rule at issue in this case potentially conflicts with Mississippi Rule Civil Procedure 12(d), which provides that a motion for improper venue "*shall be heard* and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial."[8] The trial court cannot enforce any rule

---

[6]***Bowie v. Montfort Jones Mem'l Hosp.***, 861 So. 2d 1037, 1042 (Miss. 2003)

[7]Miss. R. Civ. P. 83.

[8]Miss. R. Civ. P. 12(b), (d) (emphasis added).

6

to the contrary. Having said that, we emphasize that the trial court's rule did not prohibit the Defendants from requesting a hearing; there is no evidence the trial court would not consider such a request; and no order exists denying such. And the Defendants did not request another hearing date until September 25, 2008, two years after the initial hearing was canceled. Furthermore, the Defendants actively participated in the litigation process for three years without pursuing their motion or seeking a ruling from the trial court.[9] Venue is an affirmative right that generally may be waived or abandoned.[10] This Court has ruled that "[w]hat is important is that venue needs to be settled early on."[11] Therefore, we cannot say that the trial judge abused her discretion when she found the Defendants had waived their right to contest venue by waiting three years to pursue their motion.

**Conclusion**

¶17. Venue is a right that must be timely asserted *and* pursued. The trial court did not abuse its discretion by finding the Defendants had abandoned their motion to contest venue. We remand this case for further proceedings consistent with this opinion.

¶18. **AFFIRMED AND REMANDED.**

**CARLSON AND DICKINSON, P.JJ., RANDOLPH, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. WALLER, C.J., NOT PARTICIPATING.**

---

[9] *MS Credit Ctr. v. Horton*, 926 So. 2d 167, 179 (Miss. 2006).

[10] *Martin v. State*, 354 So. 2d 1114, 1119 (Miss. 1978) (finding defendant waived and abandoned motion for change of venue by failing to obtain ruling from court); *see also* Miss. R. Civ. P. 12(h)(1); *see generally* *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992) ("[W]e regard venue a right as valuable to the defendant as to the plaintiff.").

[11] *Tanksley*, 608 So. 2d at 1155.

7