FAIR, J.,
for the Court:
¶ 1. In 1989, Michael Ducksworth and Ozia Booth pled guilty to two counts of murder and one count of burglary. Twenty years later, Booth was paroled, but Ducksworth was not. This prompted Ducksworth to file a “Petition for Order to Show Cause or In the Alternative, Petition *324 for Writ of Habeas Corpus” in the Forrest County Circuit Court, contending that the Parole Board acted arbitrarily and unconstitutionally when it denied him parole. The circuit court treated Ducksworth’s petition as one for post-conviction relief and dismissed it based on an erroneous belief that it was not filed in the original trial court, as required by the PCR statute.[1] We conclude that while Dueksworth’s petition should have been considered as an ordinary civil action, as it was styled, its dismissal should be affirmed anyway because Ducksworth failed to state a claim upon which relief can be granted.
STANDARD OF REVIEW
¶2. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2014). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 3. When reviewing the denial of a PCR motion, an appellate court “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
¶ 4. Ducksworth styled his filing a “Petition for Order to Show Cause or In the Alternative, Petition for Writ of Habeas Corpus,” and in it he argued that the Mississippi Parole Board had arbitrarily and unconstitutionally denied him parole. Ducksworth based this argument on the fact that Booth, his codefendant, had been paroled, while he had not.
¶5. The trial court treated Ducks-worth’s petition as a PCR motion, but that was in error pursuant to this Court’s decisions in Mangum v. Mississippi Parole Board, 76 So.3d 762, 766 (¶ 7) (Miss.Ct.App.2011), Mack v. State, 943 So.2d 73, 75-76 (¶ 7) (Miss.Ct.App.2006), and McClurg v. State, 870 So.2d 681, 682 (¶ 6) (Miss.Ct.App.2004).
¶ 6. Although the trial court misapprehended the nature of Ducksworth’s petition, this Court will generally affirm the trial court when it reaches the right result for the wrong reason. See Mack, 943 So.2d at 76 (¶ 7); McClurg, 870 So.2d at 682 (¶ 6).
¶ 7. Ducksworth’s petition clearly failed to a state a claim upon which relief can be granted. See M.R.C.P. 12(b)(6). He claimed that he was “entitled to the same release opportunity that was previously ... provided to co-defendant Booth.” Ducksworth attempts to couch this as a challenge based on his rights to due process and equal protection, guaranteed by the United States Constitution, but neither right is implicated by his allegations.
¶ 8. The due process claim fails because “prisoners have no constitutionally recognized liberty interest in parole.” *325 Vice v. State, 679 So.2d 205, 208 (Miss.1996). Instead, the decision to grant or deny parole is entrusted to the absolute discretion of the Parole Board. Cotton v. Miss. Parole Bd., 863 So.2d 917, 921 (¶ 11) (Miss.2003); Irving v. Thigpen, 732 F.2d 1215, 1217-1218 (5th Cir.1984). Parole is not a judicial matter, but one of legislative grace. Mitchell v. State, 795 So.2d 620, 623 (¶ 8) (Miss.Ct.App.2001). Because a prisoner “has no liberty interest in obtaining parole in Mississippi, he cannot complain of the denial of parole based on an allegation of a denial of due process, abuse of discretion, or consideration of false or improper factors.” Mangum, 76 So.3d at 768-69 (¶ 17) (citation and quotation marks omitted); see also Irving, 732 F.2d at 1217-1218.
¶ 9. Had Ducksworth alleged that parole was denied based on his race or other factors recognized as prohibited from consideration by the United States Constitution, he may have stated a cognizable equal protection claim. See Mangum, 76 So.3d at 770 (¶ 22). But he did not; he simply makes the same claims as in his due process argument — that the Parole Board acted arbitrarily in denying him parole after granting it- to his codefendant.
¶ 10. We conclude that although the circuit court erroneously treated Ducks-worth’s petition as a motion for post-conviction relief, it was nonetheless properly dismissed for failure to state a claim upon which relief can be granted.
¶11. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL AND WILSON, JJ„ CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION.

. See Miss.Code Ann. § 99-39-7 (Supp.2014). Ducksworth’s convictions were, in fact, from Forrest County, so if his petition had properly been taken as a PCR motion, it would have been properly filed there. We do not address the issue of whether venue lies in the Forrest County Circuit Court for Ducksworth's petition as it was actually styled, as there are other grounds to affirm the dismissal.