# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00713-COA

PATRICK FLUKER A/K/A PATRICK DANTRE        APPELLANT
FLUKER A/K/A PATRICK D. FLUKER

v.

STATE OF MISSISSIPPI,
MISSISSIPPI PAROLE BOARD        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/04/2015 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PATRICK FLUKER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | PETITION FOR WRIT OF HABEAS CORPUS DENIED |
| DISPOSITION: | AFFIRMED - 08/04/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

WILSON, J., FOR THE COURT:

¶1.     Patrick Fluker pled guilty to armed robbery in 2007 and was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections.  By law, he is ineligible for parole.  *See* Miss. Code Ann. § 47-7-3(c)(ii) (Rev. 2015).  In November 2014, Fluker filed a "Petition for Writ of Habeas Corpus or for Order to Show Cause and Motion for Evidentiary Hearing" in the Forrest County Circuit Court, naming the State Parole Board as the respondent.  Fluker alleges that legislation enacted in 2014 expanded parole eligibility for persons convicted of robbery after July 1, 2014, but not for persons, such as himself,

convicted of robbery on or before July 1, 2014. Fluker claims that this distinction violates his right to equal protection of the law. The circuit court summarily denied Fluker petition.

¶2. The circuit court properly dismissed Fluker's petition, as his claim is without merit. For purposes of this appeal, we may set aside the question whether Fluker has correctly interpreted the 2014 amendments to the parole eligibility law. A state's decision to expand parole eligibility only on a prospective basis is rational and "does not discriminate on any purposeful or invidious basis." *Mayabb v. Johnson*, 168 F.3d 863, 870-71 (5th Cir. 1999), *cert. denied*, 528 U.S. 969 (1999). Accordingly, Fluker's constitutional claim fails as a matter of law, and we affirm the judgment of the circuit court on the merits.

¶3. We agree with the dissent that Fluker's petition is best viewed as a regular civil action against the Parole Board, not a motion for post-conviction relief. *See Ducksworth v. State*, 174 So. 3d 323, 324 (¶¶4-5) (Miss. Ct. App. 2015). The dissent seems to suggest that venue in such a case is a jurisdictional issue that we must address sua sponte.[1] However, other than in certain special classes of "local actions," venue is *not* jurisdictional, and the fact that a case is filed in an improper venue "does not of itself affect the right of the court to hear and determine" the case on the merits. *Leake Cty. Coop. (A.A.L.) v. Barrett's Dependents*, 226 So. 2d 608, 615 (Miss. 1969).[2] The Mississippi Rules of Civil Procedure make this clear.

---

[1] The Parole Board does not mention the issue in its brief on appeal.

[2] The statute prescribing the proper venue for filing a divorce complaint "is not a mere statute of venue that may be waived but one of jurisdiction of subject matter of the suit." *Roberts v. Roberts*, 866 So. 2d 474, 476 (¶6) (Miss. Ct. App. 2003) (quoting *Price v. Price*, 202 Miss. 268, 274, 32 So. 2d 124 (1947)). "[T]he estate statute prescribing where an estate must be filed [also] goes to subject matter jurisdiction and not mere venue." *Nat'l Heritage Realty Inc. v. Estate of Boles*, 947 So. 2d 238, 249 (¶35) (Miss. 2006). These

2

Rule 12(h)(1) provides that venue is an affirmative defense that "is waived" if it is not timely asserted by motion or answer.[3]  And Rule 82(d) provides that "[w]hen an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed."[4] Thus, even if we were to raise the issue of venue sua sponte, we could not affirm the *dismissal* of Fluker's petition on that ground.  Again, improper venue is a reason to transfer a case, not to dismiss it.  Since we can easily affirm the dismissal of Fluker's petition on the merits, there is no reason to address the issue of venue.[5]

¶4.      The dissent ultimately asserts that "neither the trial court nor the Court of Appeals has jurisdiction to consider this case on the merits" because "no process has been issued."  The dissent is correct that we *could* affirm based on insufficient process, *see McClurg v. State*, 870 So. 2d 681, 682 (¶6) (Miss. Ct. App. 2004), but the dissent is incorrect that the point is a jurisdictional issue that we *must* raise sua sponte.  The word "jurisdiction" does not appear

---

statutes are limited exceptions to the rule that venue issues do not implicate the court's jurisdiction to hear and decide the case on the merits.  No similar statute is involved in this case.

[3] *See also, e.g.*, *Fredericks v. Malouf*, 82 So. 3d 579, 582 (¶16) (Miss. 2012) ("Venue is an affirmative right that generally may be waived or abandoned.").

[4] *See also, e.g.*, *Office of Governor Div. of Medicaid v. Johnson*, 950 So. 2d 1033, 1035 (¶5) (Miss. Ct. App. 2006) ("When a court has proper jurisdiction but not venue, the appropriate action is to transfer the case to a court where venue is proper.").

[5] Similarly, in *Ducksworth*, *supra*, we declined to address the question whether venue was proper in Forrest County because it was clear that the prisoner's claim—that the Parole Board had violated his rights to equal protection and due process of law by denying him parole after granting parole to his co-defendant—failed on the merits. *See Ducksworth*, 174 So. 3d at 324-25 (¶¶6-10) & n.1.

in the *McClurg* opinion. Rather, this Court simply affirmed the dismissal of the case based on the prisoner's failure to name and serve the Parole Board *after the Attorney General specifically raised and argued the point*. *See id.* at (¶¶5-6). Insufficiency of process can be waived, and in this case the Parole Board has not raised the issue in its brief on appeal. The issue does not deprive this Court of jurisdiction to decide the case on the merits.

¶5. The circuit court properly denied Fluker's petition because his claim is without merit.

¶6. **THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, FAIR AND GREENLEE, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN THE RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY IRVING, P.J.**

**JAMES, J., DISSENTING:**

¶7. Because I would not affirm this case on the merits, I respectfully dissent.

¶8. Fluker filed his petition in Forrest County, the county in which he was convicted. A motion filed under the Uniform Post-Conviction Collateral Relief Act must be filed in the circuit court in which the defendant was convicted. *McLamb v. State*, 974 So. 2d 935, 938 (¶14) (Miss. Ct. App. 2008). *See also* Miss. Code Ann. § 99-39-7 (Rev. 2015) (A PCR motion "shall be filed as an original action in the trial court . . . . "). Mississippi Code Annotated section 99-39-5 (Rev. 2015) provides limited grounds for relief. Section 99-39-5 does not include any relief from Parole Board decisions. Section 99-39-5(1) provides:

> (1) Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or

4

probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period, may file a motion to vacate, set aside or correct the judgment or sentence, a motion to request forensic DNA testing of biological evidence, or a motion for an out-of-time appeal if the person claims:

(a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;

(b) That the trial court was without jurisdiction to impose sentence;

(c) That the statute under which the conviction and/or sentence was obtained is unconstitutional;

(d) That the sentence exceeds the maximum authorized by law;

(e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(f) That there exists biological evidence secured in relation to the investigation or prosecution attendant to the petitioner's conviction not tested, or, if previously tested, that can be subjected to additional DNA testing, that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

(g) That his plea was made involuntarily;

(h) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;

(i) That he is entitled to an out-of-time appeal; or

(j) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy.

¶9.     In response to the majority opinion, *Ducksworth v. State*, 174 So. 3d 323 (Miss. Ct.

App. 2015), is a case against the State. Fluker's case is against the Mississippi Parole Board, which he made clear in his appellate brief. Fluker claims that the Parole Board violated his constitutional rights under the Fourteenth Amendment. The Mississippi Parole Board has exclusive jurisdiction to grant or deny parole as provided by Mississippi Code Annotated sections 47-7-5(3) and 47-7-17 (Rev. 2015). Also, Mississippi Code Annotated section 99-39-11(2) (Rev. 2015) provides for a judicial examination and dismissal of the original motion. The court does not have the power to transfer a case if it does not have jurisdiction or the power to act. The statute mandates a dismissal for improper venue or for any other reason where dismissal would be proper. "If it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified." *Id*. The trial judge acted within his discretion in dismissing Fluker's case. This statute does not require that these cases be transferred.

¶10. The Mississippi Parole Board is a proper party, and Fluker does not seek relief under section 99-39-5. *See also McClurg v. State*, 870 So. 2d 681, 682 (¶6) (Miss. Ct. App. 2004). Fluker's petition did not challenge his conviction or sentence and, therefore, was not a motion for postconviction relief. *Horton v. Epps*, 966 So. 2d 839, 841 (¶4) (Miss. Ct. App. 2007). Venue for a regular civil action is governed by Mississippi Code Annotated section 11-11-3 (Rev. 2004). Section 11-11-3(1)(a)(i) provides:

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that

caused the injury occurred.

¶11. On that basis, Fluker's petition should not have been filed in Forrest County Circuit Court. The trial court did not specifically state why jurisdiction was not proper. However, I agree that the court did not have jurisdiction to hear the case. In order for the trial court to have jurisdiction to hear the case against the Parole Board on the merits, the defendant must name and serve the actual parties in interest. In *McClurg*, this Court held, inter alia, a case should be dismissed for failure to name and serve the parties in interest, namely the Parole Board and the Mississippi Department of Corrections. Fluker has named the Parole Board as the proper party, but no process has been issued in this case. Also there was no appearance or answer filed on behalf of the Parole Board. The State's brief is styled *Patrick Fluker v. State of Mississippi* and not *Patrick Fluker v. State of Mississippi, Mississippi Parole Board*. The State treats the case as a PCR matter and concludes that Fluker's petition for parole eligibility under the PCR statute is improper. The State's brief is on behalf of the State of Mississippi and not the Mississippi Parole Board. Therefore, neither the trial court nor the Court of Appeals has jurisdiction to consider this case on the merits. I would therefore dismiss this case without prejudice.

**IRVING, P.J., JOINS THIS OPINION IN PART.**