WILSON, J.,
for the Court:
¶ 1. Patrick Fluker pled guilty to armed robbery in 2007 and was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections. By law, he is ineligible for parole. See Miss.Code Ann. § 47 — 7—3(c)(ii) (Rev.2015). In November 2014, Fluker filed a “Petition for Writ of Habeas Corpus or for Order to Show Cause and Motion for Evidentiary Hearing” in the Forrest County Circuit Court, naming the State Parole Board as the respondent. Fluker alleges that legislation enacted in 2014 expanded parole eligibility for persons convicted of robbery after July 1, 2014, but not for persons, such as himself, convicted of robbery on or before July 1, 2014. Fluker claims that *1149 this distinction violates his right to equal protection of the law. The circuit court summarily denied Fluker petition.
¶2. The circuit court properly dismissed Fluker’s petition, as his claim is without merit. For purposes of this appeal, we may set aside the question whether Fluker has correctly interpreted the 2014 amendments to the parole eligibility law. A state’s decision to expand parole eligibility only on a prospective basis is rational and “does not discriminate on any purposeful or invidious basis.” Mayabb v. Johnson, 168 F.3d 863, 870-71 (5th Cir.1999), cert. denied, 528 U.S. 969, 120 S.Ct. 409, 145 L.Ed.2d 319 (1999). Accordingly, Fluker’s constitutional claim fails as a matter of law, and we affirm the judgment of the circuit court on the merits.
11,3. We agree with the dissent that Fluker’s petition is best viewed as a regular civil action against the Parole Board, not a motion for post-conviction relief. See Ducksworth v. State, 174 So.3d 323, 324 (¶¶ 4-5) (Miss.Ct.App.2015). The dissent seems to suggest that venue in such a case is a jurisdictional issue that we must address sua sponte.[1] However, other than in certain special classes of “local actions,” venue is not jurisdictional, and the fact that a case is filed in an improper venue “does not of itself affect the right of the court to hear and determine” the case on the merits. Leake Cty. Coop. (A.A.L.) v. Barrett’s Dependents, 226 So.2d 608, 615 (Miss.1969).[2] The Mississippi Rules of Civil Procedure make this clear. Rule 12(h)(1) provides that venue is an affirmative defense that “is waived” if it is not timely asserted by motion or answer.[3] And Rule 82(d) provides that “[w]hen an action, is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed.”[4] Thus, even if we were to raise the issue of venue sua sponte, we could not affirm the dismissal of Fluker’s petition on that ground. Again, improper venue is a reason to transfer a case, not to dismiss it. Since we can easily affirm' the dismissal of Fluker’s petition on the merits, there is no reason to address the issue of venue.[5]
¶ 4. The dissent ultimately asserts that “neither the trial court nor the Court of Appeals has jurisdiction to consider this *1150 case on the merits” because “no process has been issued.” The dissent is correct that we could affirm based on insufficient process, see McClurg v. State, 870 So.2d 681, 682 (¶ 6) (Miss.Ct.App.2004), but the dissent is incorrect that the point is a jurisdictional issue that we must raise sua sponte. The word “jurisdiction” does not appear in the McClurg opinion. Rather, this Court simply affirmed the dismissal of the casé based on the prisoner’s failure to name and serve the Parole Board after the Attorney General specifically raised and argued the point. See id. at (¶¶ 5-6). Insufficiency of process can be waived, and in this Case the Parole Board has not raised the issue in its brief on appeal. The issue does not deprive this Court of jurisdiction to- decide the case on the merits.
¶ 5. The circuit court properly denied Fluker’s petition because his claim is without merit.
¶ 6. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, FAIR AND GREENLEE, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN THE RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY IRVING, P.J.

. The Parole Board does not mention the issue in its brief on appeal.

. The statute prescribing the proper venue for filing a divorce complaint "is not a mere statute of venue that may be waived but one of jurisdiction of subject matter of the suit.” Roberts v. Roberts, 866 So.2d 474, 476 (¶ 6) (Miss.Ct.App.2003) (quoting Price v. Price, 202 Miss. 268, 274, 32 So.2d 124 (1947)). "[T]he estate statute prescribing where an estate must be filed [also] goes to subject matter jurisdiction and not mere venue.” Nat’l Heritage Realty, Inc. v. Estate of Boles, 947 So.2d 238, 249 (¶ 35) (Miss.2006). These statutes are limited exceptions to the rule that venue issues do not implicate the court's jurisdiction to hear and decide the case on the merits. No similar statute is involved in this case.

. See also, e.g., Fredericks v. Malouf, 82 So.3d 579, 582 (¶ 16) (Miss.2012) ("Venue is an affirmative right that generally may be waived or abandoned.”).

. See also, e.g., Office of Governor Div. of Medicaid v. Johnson, 950 So.2d 1033, 1035 (¶ 5) (Miss.Ct.App.2006) ("When a court has proper jurisdiction but' not venue, the appropriate action is to transfer the case to a court where venue is proper.”).

. Similarly, in Ducksworth, supra, we declined to address the question whether venue was proper in Forrest County because it was clear that the prisoner’s claim — that the Parole Board had violated his rights to equal protection and due process of law by denying him parole after granting parole to his co-defendant — failed on the merits. See Ducksworth, 174 So.3d at 324-25 (¶¶ 6-10) & n. 1.