JAMES, J.,
dissenting:
•, ¶ 7. Because I would not affirm this case on the merits, I respectfully dissent.
¶ 8. Fluker filed his. petition in Forrest County, the county in which he was convicted. A motion filed under the Uniform Posi>-Conviction Collateral Relief Act must be filed in the circuit court in which the defendant was convicted. McLamb v. State, 974 So.2d 935, 938 (¶ 14) (Miss.Ct.App.2008). See also Miss.Code Ann. § 99-39-7 (Rev.2015) (A PCR motion “shall be filed as an original action in the trial court_”). Mississippi Code Annotated section 99-39-5 (Rev.2015) provides limited grounds for relief. Section 99-39-5 does not include any relief from Parole Board decisions. Section 99-39-5(1) provides:
(1) Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period, may file a motion to vacate, set aside or correct the judgment or sentence, a motion to request forensic DNA testing of biological evidence, or a motion for an out-of-time appeal if the person claims:
(a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;
(b) That the trial court was without jurisdiction to impose sentence;
(c) That the statute under which the conviction and/or sentence was obtained is unconstitutional;
(d) That the sentence exceeds the maximum authorized by law;
(e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
(f) That there exists biological evidence secured in relation to the investigation or prosecution attendant to the petitioner’s conviction not tested, or, if previous *1151 ly tested, that can be subjected to additional DNA testing, that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.
(g) That his plea was made involuntarily;
(h) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;
(i) That he is entitled to an out-of-time appeal; or
(j) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy.
¶ 9. In response to the majority opinion, Ducksworth v. State, 174 So.3d 323 (Miss.Ct.App.2015), is a case against the State. Fluker’s case is against the Mississippi Parole Board, which he made clear in his appellate brief. Fluker claims that the Parole Board violated his constitutional rights under the Fourteenth Amendment. The Mississippi Parole Board has exclusive jurisdiction to grant or deny parole as provided by Mississippi Code Annotated sections 47-7-5(3) and 47-7-17 (Rev.2015). Also, Mississippi Code Annotated section 99-39-11(2) (Rev.2015) provides for a judicial examination and dismissal of the original motion. The court does not have the power to transfer a case if it does not have jurisdiction or the power to act. The statute mandates a dismissal for improper venue or for any other reason where dismissal would be proper. “If it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the ease that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified.” Id. The trial judge acted within his discretion in dismissing Fluker’s case. This statute does not- require that these cases be transferred.
¶ 10. The Mississippi Parole Board is a proper party, and Fluker does not seek relief under section 99-39-5. See also McClurg v. State, 870 So.2d 681, 682 (¶ 6) (Miss.Ct.App.2004). Fluker’s petition did not challenge his conviction or sentence and, therefore, was not a motion for post-conviction relief. Horton v. Epps, 966 So.2d 839, 841 (¶ 4) (Miss.Ct.App.2007). Venue for a regular civil action is governed by Mississippi Code Annotated section 11-11-3 (Rev.2004). Section 11-11-3(1)(a)(i) provides:
Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.
¶ 11. On that basis, Fluker’s petition should not have been filed in Forrest County Circuit Court. The trial court did not specifically state why jurisdiction was not proper. However, I agree that the court did not have jurisdiction to hear the case. In order for the trial court to have jurisdiction to hear the case against the Parole Board on the merits, the defendant must name and serve the actual parties in interest. In McClurg, this Court held, inter alia, a case should be dismissed for failure to name and serve the parties in interest, namely the Parole Board and the Mississippi Department of Corrections. *1152 Fluker has named the Parole Board as the proper party, but no process has been issued in this case. Also there was no appearance -or answer filed on behalf of the Parole Board. The State’s brief is styled Patrick Fluker v. State of Mississippi and not Patrick Fluker v. State of Mississippi, Mississippi Parole Board. The State treats the case as a PCR matter and concludes that Fluker’s petition for parole eligibility under the PCR statute is improper. The State’s brief is on behalf of the State of Mississippi and not the Mississippi Parole Board. Therefore, neither the trial court nor the Court of Appeals has jurisdiction to consider this case on the merits. I would therefore dismiss this case without prejudice.
IRVING, P.J., JOINS THIS OPINION IN PART.