# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00284-COA

**STATE OF MISSISSIPPI**                                                    **APPELLANT**

**v.**

**BOYCE WILLARD**                                                          **APPELLEE**

DATE OF JUDGMENT:                12/30/2015
TRIAL JUDGE:                     HON. JANNIE M. LEWIS
COURT FROM WHICH APPEALED:       HUMPHREYS COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:         ANTHONY LOUIS SCHMIDT JR.
                                 OFFICE OF THE ATTORNEY GENERAL
                                 BY:  DARRELL CLAYTON BAUGHN
ATTORNEY FOR APPELLEE:           BOYCE WILLARD (PRO SE)
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:         GRANTED APPELLEE'S PETITION FOR
                                 POST-CONVICTION RELIEF
DISPOSITION:                     REVERSED AND RENDERED - 02/14/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**WILSON, J., FOR THE COURT:**

¶1.    In 1984, Boyce Willard was convicted of murder and sentenced to life imprisonment. Since 1994, the Mississippi Parole Board has repeatedly denied him parole. In 2015, Willard filed a petition for post-conviction relief in the Humphreys County Circuit Court. Willard's petition alleged that the Parole Board violated Mississippi Code Annotated section 47-7-18(6) (Rev. 2015) by imposing a five-year "setoff" (i.e., delay) until his next parole hearing. Section 47-7-18(6), which went into effect on July 1, 2014, provides in part that "[a]ny inmate not released at the time of the inmate's initial parole date shall have a parole hearing

at least every year." 2014 Miss. Laws ch. 457, § 44 (H.B. 585).

¶2.    Willard's filing was in substance a lawsuit against the Parole Board, not a claim for post-conviction relief. *See Mangum v. Miss. Parole Bd.*, 76 So. 3d 762, 766-67 (¶¶8-9) (Miss. Ct. App. 2011); *Mack v. State*, 943 So. 2d 73, 75 (¶7) (Miss. Ct. App. 2006); *McClurg v. State*, 870 So. 2d 681, 681-82 (¶¶2-6) (Miss. Ct. App. 2004). However, Willard never requested a summons or served the Parole Board or anyone else. Without requesting a response from the Parole Board or any other state entity, the circuit court granted Willard's petition and ordered the Parole Board to provide him with a hearing date that complied with section 47-7-18(6). The State filed a notice of appeal.

¶3.    We pause here to note that around the same time that Willard initiated this action in Humphreys County, he filed a similar claim for declaratory and injunctive relief in the Sunflower County Circuit Court. On appeal in that case, we held that Willard was not eligible for parole under section 47-7-18 because that section does not apply to inmates convicted and sentenced prior to July 1, 2014. *See Willard v. Miss. State Parole Bd.*, No. 2015-CP-01095-COA, 2016 WL 6082528, at *4 (¶¶17-18) (Miss. Ct. App. Oct. 18, 2016) (motion for rehearing pending). A few weeks later, the Mississippi Supreme Court reached a similar conclusion in a case involving a related, albeit somewhat different, issue. *See Fisher v. Drankus*, 204 So. 3d 1232, 1235-36 (¶¶10-14) (Miss. 2016).

¶4.    However, we do not reach the merits of Willard's claim in the present case. As the State has argued on appeal, this case should be dismissed because Willard failed to properly serve the Parole Board. *See Mack*, 943 So. 2d at 75-76 (¶7); *McClurg*, 870 So. 2d at 682

(¶6); *accord Fluker v. State*, 200 So. 3d 1148, 1150 (¶4) (Miss. Ct. App. 2016).  Accordingly, we reverse and render a judgment of dismissal without prejudice.  M.R.C.P. 4(h).

¶5.    **THE JUDGMENT OF THE HUMPHREYS COUNTY CIRCUIT COURT IS REVERSED AND RENDERED AS A DISMISSAL WITHOUT PREJUDICE.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

     **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.**