IRVING, P.J., DISSENTING:
 

 ¶ 17. The majority finds that the circuit court erred in dismissing Willis's complaint against two employees of the Mississippi Department of Corrections (MDOC) and Warden Wendell Banks for lack of jurisdiction. I disagree; therefore, I dissent. I would affirm the judgment of the circuit court.
 

 ¶ 18. In arriving at its decision, the majority makes certain factual assumptions because the circuit court's order dismissing Willis's complaint does not set forth a factual basis for the court's conclusion that it lacked jurisdiction. Therein lies the rub. A careful examination of the docket makes clear that Willis never served his complaint upon the Attorney General of the State of Mississippi (attorney general) as he was required to do, since his complaint
 was against employees of MDOC for actions taken in their official capacity.
 

 ¶ 19. In his complaint, Willis lists Lieutenants Westley and Brooks as disciplinary hearing officers with the MDOC Central Mississippi Correctional Facility (CMCF) in Pearl, Mississippi. He lists Banks as the Warden of the CMCF.
 

 ¶ 20. Rule 4(d)(5) of the Mississippi Rules of Civil Procedure provides in pertinent part:
 

 The summons and complaint shall be served together. Service by sheriff or process server shall be made as follows:
 

 (5) Upon the State of Mississippi or anyone of its departments, officers or institutions, by delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi.
 

 ¶ 21. The certificate of service attached to Willis's complaint indicates that he served the complaint by United States mail, postage prepaid, on the following:
 
Becky Boyd, Circuit Clerk Warden Wendell Banks Post Office Box 1599 CMCF, Post Office Box 88550 Brandon, MS 39043 Pearl, MS 39208 District Court Clerk Fifth Circuit Appeal Court Clerk 501 East Court St., Suite 2500 600 S. Maestri Place Jackson, MS 39205 New Orleans, LA 70130-3408.

 ¶ 22. I find that the record, as discussed above, supplies an adequate factual basis such that this Court can say with confidence that Willis failed to obtain process on the respondents in the circuit court, thereby robbing that court of in personam jurisdiction of the defendants. Since the circuit court did not acquire in personam jurisdiction of the defendants because Willis failed to serve process on them, this Court's jurisdiction suffers from the same defect. Therefore, I would affirm the dismissal of Willis's complaint for that specific reason.
 

 ¶ 23. Appellate courts "are not restricted to [a circuit] court's rationale or its reasons for the result it reached. On appeal, [an appellate court] will affirm a decision of the circuit court where the right result is reached even though [the appellate court] may disagree with the reason for that result.
 
 Stewart v. Walls
 
 ,
 
 534 So.2d 1033
 
 , 1035 (Miss. 1988).
 

 ¶ 24. In
 
 McClurg v. State
 
 ,
 
 870 So.2d 681
 
 (¶ 2) (Miss. Ct. App. 2004), McClurg, an inmate in MDOC's custody, filed a complaint against the State of Mississippi, arguing that he was required to serve more time than similarly situated inmates before being eligible for parole. We found that McClurg "should never have been allowed to proceed on appeal ... and that the original suit should have been dismissed for failure to properly name
 
 and serve
 
 the actual parties in interest, namely the Parole Board and Department of Corrections." (Emphasis added).
 

 Id.
 

 at 682
 
 (¶ 6).
 

 ¶ 25. On December 9, 2016, Willis filed a complaint for judicial review in the Circuit Court of Rankin County pursuant to Mississippi Code Annotated section 47-5-807 (Rev. 2015). Once a complaint has been filed in the circuit court, our rules of civil procedure require that the complaint and a summons be served on the defendant and that the defendant serve his answer within thirty days after the service of the summons and complaint. M.R.C.P. 4, 12.
 

 ¶ 26. I note that the clerk's papers do not show that a summons was ever requested
 or issued for service upon anyone-not upon Warden Banks, who was the only state-agency defendant listed in Willis's certificate of service, nor upon the attorney general. I am mindful that Rule 4(h) gives a plaintiff 120 days to serve the complaint and summons on a defendant and that a dismissal prior to 120 days would be premature. Here, the dismissal occurred eighteen days after the complaint was filed. However, in light of the fact that no summons was ever requested, it seems reasonable to me to conclude that Willis, for whatever reason, had no intention of serving the attorney general.
 

 ¶ 27. The State raised the jurisdictional argument in its brief, and Willis filed a rebuttal brief but did not address the issue in his rebuttal brief after being alerted by the State that process had not been obtained on the attorney general. The State, citing
 
 Mansour v. Charmax Industries, Inc
 
 .,
 
 680 So.2d 852
 
 , 853 (Miss. 1996), points out that "[i]f the court does not have service of process or an appearance of an individual, then that court lacks jurisdiction." I agree. While section 47-5-807 gives the circuit court subject matter jurisdiction, it does not confer in personam jurisdiction over a defendant named in a complaint and against whom relief is sought. That has to be acquired by service of process pursuant to Rule 4.
 

 ¶ 28. While I do not necessarily disagree with the majority that the circuit court may have erroneously concluded that it did not have subject matter jurisdiction, that is not the point of this dissent. The point is that the circuit court did not have in personam jurisdiction over the defendants, and the State has not waived jurisdiction, as the first issue that the State asserts in its brief is that this Court should dismiss for lack of jurisdiction. In any event, more than 120 days have now passed since Willis filed his complaint without having it served on the State; therefore, no action can be taken on that complaint unless Willis can show good cause why no service was made within the 120 days.
 

 ¶ 29. I cannot imagine how Willis can show good cause in light of the fact that he did not list the attorney general in his certificate of service. Had he done so, it would at least have indicated that he was aware that the attorney general had to be served and that Willis might have had plans of serving him at some point. Additionally, as stated and based on a perusal of the clerk's papers, Willis never requested that a summons be issued. So the majority's decision to reverse and remand to the circuit court for further review is tantamount to mandating the circuit court to hear a case even though it lacks jurisdiction over the defendants. On the other hand, if it is the view of the majority that on remand the circuit court is permitted to determine if it has in personam jurisdiction of the defendants and dismiss the complaint if it determines that it does not, then the majority ought to say so. Otherwise, there is a good chance that the circuit court may interpret the majority opinion as mandating a review of Willis's appeal on the merits.
 

 ¶ 30. The record clearly shows that the circuit court did not acquire in personam jurisdiction over the appellees. The majority ignores the significance of this fact and reverses and remands, presumably for the purpose of the circuit court hearing Willis's appeal on the merits. As stated, we, as an appellate court, may affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason, as determined by the trial court, for that result. I would affirm the judgment of dismissal. While the dismissal
 may have been premature, nothing in the record suggests that Willis was attempting to obtain service at the time of the dismissal or that he was even aware of his need to serve the attorney general. And more importantly, when the deficiency in process was pointed out to Willis by the State, he did nothing.
 

 ¶ 31. For the reasons presented, I dissent.
 

 CARLTON AND WESTBROOKS, JJ., JOIN THIS OPINION.