972 So.2d 734 (2007)
Travis SHANKS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00729-COA.
Court of Appeals of Mississippi.
June 12, 2007.
Rehearing Denied September 25, 2007.
Travis Shanks (Pro Se), attorney for appellant.
Office of the Attorney General by Deshun Terrell Martin, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. Travis Shanks appeals the denial of his post-conviction relief motion (PCR). Shanks pled guilty to murder pursuant to Mississippi Code Annotated section 97-3-19(1)(a) (Rev.2006), and was sentenced to serve life in the custody of the Mississippi Department of Corrections.

FACTS
¶ 2. Shanks shot David Smalls while committing a robbery on October 30, 2002, in Claiborne County, Mississippi. Smalls was shot in the head five times and subsequently *735 died from his wounds. Shanks pled guilty to murder on March 24, 2003, and was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections.
¶ 3. In his petition to plead guilty, Shanks confessed to killing Smalls. He wrote, "I killed David Smalls by shooting him five times outside the liquor store in Claiborne County, MS." The petition stated that Shanks understood the charge against him and the consequence of pleading guilty to murder. Shanks listed the elements of murder pursuant to section 97-3-19(1)(a) and also stated that his admission to killing Smalls proved all of the required elements.
¶ 4. In the sentencing order dated March 24, 2003, the trial judge noted that Shanks and his lawyer had made a personal appearance before him. The judge stated that he had advised Shanks of his legal and constitutional rights and that Shanks had voluntarily, freely and intelligently waived said rights. The judge also stated that he had advised Shanks of the consequences of pleading guilty and that, upon direct questioning, Shanks admitted that he was guilty of murder. The judge therefore sentenced Shanks to serve the remainder of his natural life in the custody of the Mississippi Department of Corrections.
¶ 5. Shanks filed a PCR on March 30, 2006, claiming that he did not give a voluntary guilty plea because he did not fully understand the elements of the crime of murder. He alleged that he was not informed and did not understand that "intent" was part of the deliberate design element of murder. The lower court denied Shanks's PCR, finding that the motion was filed outside of the three-year time limit.

STANDARD OF REVIEW
¶ 6. This Court will not disturb the trial court's findings on post-conviction relief unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). However, where questions of law are raised, our review is de novo. Id.

LAW AND ANALYSIS
I. WHETHER SHANKS'S GUILTY PLEA WAS KNOWING AND VOLUNTARY.
¶ 7. Shanks pled guilty to murder and was sentenced on March 24, 2003. He filed his PCR with the trial court on March 30, 2006. Pursuant to section 99-39-5(2) of the Mississippi Code Annotated (Rev. 2006), a prisoner who entered a guilty plea must file a petition for post-conviction relief within three years of the entry of judgment of conviction. Therefore, the trial court correctly held that Shanks was procedurally barred from asserting his motion for post-conviction relief.
¶ 8. Notwithstanding the procedural bar, we will briefly discuss the merits of Shanks's allegations. Shanks argues that he was not advised by his counsel or the court that intent to cause death was an essential element of murder and, therefore, he was denied due process. He was indicted for capital murder for the fatal shooting of Smalls while in the commission of a robbery. Pursuant to an agreement with the prosecutor and after consulting with his attorney, Shanks pled guilty to the lesser charge of murder. After he was sentenced to life in prison, Shanks filed a PCR in which he admitted that his counsel advised him of the different sentences which could be imposed for the original charge of capital murder and that his counsel also advised him of the element of deliberate design to effect another person's *736 death, which is an element of the lesser charge of murder. However, Shanks contends that he did not understand that deliberate design meant that Shanks "intended" to kill Smalls. Had he known that "intent" was part of the guilty plea, Shanks claims he would not have pled guilty to the offense of murder and, therefore, his guilty plea was made involuntarily and unknowingly. Even so, Shanks admits in his PCR that the fact that he shot Smalls in the head repeatedly, into what he knew to be a vital part of the body, "must raise a presumption that he intended to take life."
¶ 9. A plea is considered voluntary and intelligent if "the defendant is advised about the nature of the charge against him and the consequences of the entry of the plea." Ward v. State, 879 So.2d 452, 455(¶ 9) (Miss.Ct.App.2003) (citing Alexander v. State, 605 So.2d 1170, 1172 (Miss. 1992)).
¶ 10. Section 97-3-19(1)(a) of the Mississippi Code Annotated states that murder is, "(1) The killing of a human being without the authority of law by any means or in any manner . . . (a) [w]hen done with deliberate design to effect the death of the person killed, or of any human being[.]" Shanks properly listed the elements of section 97-3-19(1)(a) in his petition to enter a guilty plea. The petition also stated that Shanks understood the nature of the charges against him, the elements of the crime, and the consequences of pleading guilty to such a crime.
¶ 11. Upon review of the record, we find that Shanks was sufficiently informed of the elements of murder and the consequences of pleading guilty to such a crime. Because Shanks is procedurally barred from bringing this PCR, and because we find that he voluntarily and knowingly entered a guilty plea for murder, we affirm the lower court's decision to deny him relief.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.