CARLTON, J.,
for the Court:
¶ 1. David Carter appeals the Copiah County Circuit Court’s dismissal of his motion for post-conviction relief (PCR). Carter filed his PCR motion only three months after entering a plea of guilty to murder. Finding no error, we affirm the trial court’s dismissal of Carter’s PCR motion.
FACTS
¶2. On September 28, 2011, a Copiah County grand jury indicted Carter for capital murder under Mississippi Code Annotated section 97-3-19(2)(e) (Rev.2006). On November 9, 2011, Carter entered a voluntary guilty plea to the lesser charge of murder under section 97-3-19. The trial court sentenced Carter to serve “[t]he remainder of his natural life” in the custody of the Mississippi Department of Corrections (MDOC) under Mississippi Code Annotated section 97-3-21 (Rev.2006).
¶ 3. Three months later, on February 23, 2012, Carter filed a “Petition for Writ of Habeas Corpus/Motion to Vacate Conviction/Sentence,” claiming that his “contract” was defective; that he involuntarily entered his guilty plea; that his sentence was illegal; and that his trial lawyer was ineffective.
¶ 4. The trial court summarily dismissed Carter’s motion after determining that “it plainly appears from the face of the petition, and the prior proceedings in this cause, that [Carter] is not entitled to any relief, and as such there is no need for an evidentiary hearing of this matter.” Carter now appeals.
STANDARD OF REVIEW
¶ 5. Mississippi Code Annotated section 99-39-11(2) (Supp.2012) establishes this Court’s standard of review when reviewing a trial court’s summary dismissal of a PCR motion: “If it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified.” Pursuant to this section, the Mississippi Supreme Court has held that “a trial court may summarily dismiss a petition for PCR, without having held an evidentiary hearing, when it is clear that the petitioner is not entitled to relief under the [Uniform Post-Conviction Collateral Relief Act].” State v. Santiago, 773 So.2d 921, 923-24 (¶ 11) (Miss.2000). “This Court has estab *902 lished that dismissal of a PCR motion is proper where ‘it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ ” Id. at 924 (quoting Turner v. State, 590 So.2d 871, 874 (Miss.1991)).
DISCUSSION
¶ 6. In his PCR motion, Carter argues that his “contract,” which the State’s brief interprets as his indictment and/or plea agreement, was void; that his plea of guilty was involuntary; that his sentence was illegal and exceeded that authorized by law; and that he received ineffective assistance of counsel. The burden of proof rests on Carter to show by a preponderance of the evidence that he is entitled to the requested post-conviction relief. See Miss.Code Ann. § 99-39-23(7); Bilbo v. State, 881 So.2d 966, 968 (¶7) (Miss.Ct.App.2004). Carter provides no evidentiary support for the arguments raised in his PCR motion other than his own assertions. Further, Carter bases his argument that his sentence is illegal on old statutory law regarding life imprisonment set forth in Mississippi Code Annotated sections 97-3-21, 99-19-81, and 99-19-83.
¶ 7. Carter argues that his guilty plea is not valid because “it was not knowing, voluntary, or intelligent.” Carter asserts that he pled guilty to murder and agreed to a life sentence, with the eligibility for parole after ten years, but the trial court sentenced him to serve “his natural life” in the custody of the MDOC. Carter pled guilty to murder less than capital under section 97-3-19, and upon acceptance of his plea, the trial court sentenced him to life imprisonment under section 97-3-21.
¶ 8. Carter’s assertions conflict with his own sworn acknowledgments before the trial court during his plea colloquy. Upon review of the record, we observe that Carter’s petition to enter his guilty plea, which he signed, reflects that he can read and write, and that he possessed the mental competency to enter his guilty plea. The petition reflects that Carter acknowledged and understood the possible maximum punishment the trial court could impose for his crime was life imprisonment. Additionally, during the plea-qualification hearing, the prosecutor stated that the maximum and minimum penalty for the charge of murder under section 97-3-19(2)(e) “would be life in prison.”
¶ 9. Carter claims that a sentence of “natural life,” as imposed by the trial court, is not the same as a sentence of “imprisonment for life” as dictated by Mississippi Code Annotated section 97-3-21. The State, however, argues that “natural life” is the same sentence as “imprisonment for life,” and submits that Carter’s argument pertains to mere semantics.
¶ 10. Carter admits in his brief that he was informed that the maximum sentence he could receive was life imprisonment, but he claims that “there was no way he could have known he was taking a plea to natural life.” Carter submits that the plea agreement failed to reflect the possible sentence of serving his “natural life.” Citing old statutory law, Carter asserts that he cannot receive a sentence of life imprisonment without parole unless he is adjudicated a habitual offender. However, the record shows that the trial court did not sentence Carter to life imprisonment without parole, but, rather, to his natural life in prison.[1] Since he pled guilty to the crime of murder under section 97-3-19, Carter is not eligible for parole; however, he can petition the trial court for conditional release at the age of sixty-five. See Miss. *903 Code Ann. § 47-5-lS9(l)(a) (Rev.2011). During the plea colloquy and in his plea petition, Carter confirmed that he understood and possessed awareness that no one could assure parole or any type of early release.
¶ 11. Carter also asserts that his lawyer exhibited a “lack of interest” in representing Carter. This Court reviews claims of ineffective assistance of counsel by using the two-pronged test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on a claim of ineffective assistance of counsel, Carter must prove by a preponderance of the evidence that (1) his “counsel’s performance was deficient,” and (2) that the deficiency did, in fact, prejudice his defense. Id. The Mississippi Supreme Court has explained that “[a] defendant who pleads guilty to a crime is ‘prejudiced’ by his counsel’s erroneous advice if he would have insisted on going to trial if he had been correctly informed.” Reeder v. State, 783 So.2d 711, 718 (¶ 28) (Miss.2001) (quoting Alexander v. State, 605 So.2d 1170, 1173 (Miss.1992)).
¶ 12. In reviewing whether the first prong of Strickland concerning counsel’s performance has been satisfied, we “must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance....” Strickland, 466 U.S. at 689, 104 S.Ct. 2052. The second prong of the Strickland test requires that Carter prove prejudice by showing that there was a reasonable probability that, but for counsel’s errors, the trial court’s result would have been different. Id. at 694, 104 S.Ct. 2052. We examine the totality of the circumstances to determine whether the prongs of this test are met. Id. at 695, 104 S.Ct. 2052.
¶ 13. At his sentencing hearing, Carter acknowledged on the record that he had “no problem with [his] lawyer,” and he also acknowledged in his guilty-plea petition that he was fully satisfied with the advice and help his lawyer provided. Further, our review of the plea hearing transcript reveals that Carter was advised, on the record, of the minimum and maximum sentence he could receive was life. See Moreno v. State, 967 So.2d 701, 704 (¶ 5) (Miss.Ct.App.2007). Carter’s assertion that he received ineffective assistance of counsel fails. Accordingly, we affirm the trial court’s dismissal of Carter’s PCR motion.
¶ 14. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. See Miss.Code Ann. § 97-3-19; § 97-3-21.