# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01418-COA

**OTTIS J. CUMMINGS, JR. A/K/A OTTIS**                 **APPELLANT**
**JUNIOR CUMMINGS A/K/A OTIS CUMMINGS**
**A/K/A OTTIS J. COMMINGS A/K/A OTIS J.**
**CUMMINGS**

**v.**

**STATE OF MISSISSIPPI**                               **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/10/2015 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | CHOCTAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OTTIS J. CUMMINGS JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/15/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., JAMES AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1. In this appeal, we must decide whether the Circuit Court of Choctaw County erred in dismissing Ottis Cummings Jr.'s motion for postconviction collateral relief (PCR).

## FACTS AND PROCEDURAL HISTORY

¶2. In 1979, Cummings pleaded guilty to burglary of a dwelling and aggravated assault in two separate causes. After serving both sentences, Cummings was convicted in 2009 of felony driving under the influence. *See Cummings v. State*, 29 So. 3d 859, 861 (¶6) (Miss.

Ct. App. 2010). Based on his 1979 convictions, Cummings was sentenced as a habitual offender to life without the possibility of parole or probation.

¶3. On June 11, 2012, Cummings filed PCR motions challenging his convictions from 1979. Because he raised the same issues in both motions, the motions were consolidated. The circuit court dismissed Cummings's motions as time-barred.

¶4. Cummings appealed, claiming: (1) the circuit court erred in dismissing his claims as time-barred; (2) he received an illegal sentence; (3) the circuit court erred in dismissing his PCR motion when the indictment failed to end with the constitutional words "against the peace and dignity of the State of Mississippi"; (4) the circuit court erred in sentencing him as a habitual offender; and (5) his counsel was ineffective. *See Cummings v. State*, 130 So. 3d 129, 131 (¶3) (Miss. Ct. App. 2013). This Court affirmed the circuit court's dismissal, and Cummings's motions for rehearing and certiorari were denied.

¶5. On July 6, 2015, Cummings filed another PCR motion,[1] claiming: (1) he received an illegal sentence; (2) his indictment was defective; (3) his counsel was ineffective; and (4) his plea was involuntary.[2] The circuit court dismissed Cummings's motion as successive-writ barred, time-barred, and res judicata barred. Cummings appeals.

## STANDARD OF REVIEW

¶6. "When reviewing the denial or dismissal of a PCR motion, we will only disturb the circuit court's factual findings if they are clearly erroneous." *Boyd v. State*, 155 So. 3d 914,

---

[1] Cummings styled his motion as a writ of habeas corpus.

[2] Cummings also claimed the circuit court lacked jurisdiction and he was denied due process. Based on his arguments, we consolidate these issues with issues 1 and 2.

2

916 (¶7) (Miss. Ct. App. 2014) (citation omitted). "Findings of law are reviewed de novo." *Id.*

## DISCUSSION

¶7. Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) provides that PCR motions "shall be made . . . within three (3) years after entry of the judgment of conviction" in cases involving guilty pleas. Furthermore, Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) provides that an order denying a PCR motion is considered a final judgment and a bar to a second or successive motion. Cummings filed his latest PCR motion well outside of the applicable three-year limitations period.[3] This is also his second attempt for postconviction relief. So his motion is both time-barred and successive-writ barred unless he can show an exception to these procedural bars.

¶8. There are three statutory exceptions to the three-year limitations period and successive-writ bar. To be exempted, a PCR movant must show one of the following: (1) an intervening decision of the United States Supreme Court or the Mississippi Supreme Court adversely affecting the outcome of his conviction or sentence; (2) new evidence, not reasonably discoverable at trial, which would have caused a different result in the conviction or sentence; or (3) that either his sentence has expired or his parole, probation, or conditional release has been unlawfully revoked. Miss. Code Ann. §§ 99-39-5(2)(a)-(b) & 99-39-23(6).

¶9. Cummings claims the following cases constitute intervening decisions adversely affecting the outcome of his conviction or sentence: *Smith v. State*, 477 So. 2d 191 (Miss.

---

[3] Cummings had three years from April 17, 1984, to file a motion. *See Chapman v. State*, 167 So. 3d 1205, 1206 (¶4) (Miss. Ct. App. 2014) (reversed on other grounds).

3

1985); *Luckett v. State*, 582 So. 2d 428 (Miss. 1991) (overruled by *Bester v. State*, 188 So. 3d 526 (Miss. 2016)); *Ivy v. State*, 731 So. 2d 601 (Miss. 1999); *Kennedy v. State*, 732 So. 2d 184 (Miss. 1999); and *Rowland v. State*, 98 So. 3d 1032 (Miss. 2012). He cites these cases for the proposition that "errors affecting fundamental constitutional rights are excepted from the procedural bars." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010).

¶10. However, this Court has previously examined Cummings's claims of an illegal sentence, a defective indictment, and ineffective assistance of counsel. *Cummings*, 130 So. 3d at 131 (¶3). This Court found Cummings's claims were without merit. *Id.* Cummings additionally claims his plea was involuntary. However, this Court has rejected the argument that an involuntary-guilty-plea claim should be considered a claim of a violation of a fundamental right. *Smith v. State*, 907 So. 2d 180,184 (¶12) (Miss. Ct. App. 2013).

¶11. The circuit court properly dismissed Cummings's PCR motion as time-barred, successive-writ barred, and barred by res judicata. *See Salter v. State*, 184 So. 3d 944, 951 (¶24) (Miss. Ct. App. 2015) ("Res judicata prevents the litigation of claims that 'were made or should have been made' during previous litigation."). Therefore, we affirm.

¶12. **THE JUDGMENT OF THE CIRCUIT COURT OF CHOCTAW COUNTY DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHOCTAW COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**