# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00787-COA

**TRAVIS SHANKS A/K/A TRAVIS KEYCON SHANKS**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                 **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/11/2016 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TRAVIS SHANKS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/23/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     On March 24, 2003, Travis Shanks pled guilty to deliberate-design murder following a plea hearing before the Claiborne County Circuit Court. Shanks filed his current motion for postconviction relief (PCR) on September 11, 2015.[1] The trial court dismissed Shanks's PCR motion in a January 11, 2016 order, finding that the face of the motion and the prior

---

[1] The State submits this is Shanks's third PCR motion. In *Shanks v. State*, 972 So. 2d 734 (Miss. Ct. App. 2007), this Court considered a PCR motion Shanks filed in 2006. However, the record before us is unclear as to whether Shanks has filed any other prior PCR motion.

proceedings clearly showed that Shanks was not entitled to any collateral relief. Aggrieved, Shanks timely appeals.

¶2.    On appeal, Shanks argues: (1) his motion is not procedurally barred because he raises errors affecting his fundamental rights; (2) the trial court denied him due process by failing to inform him of the elements of the crime charged against him; (3) he did not enter his guilty plea knowingly, intelligently, and voluntarily; (4) he received ineffective assistance of counsel; (5) the trial court failed to establish a factual basis for his guilty plea or inform him of the elements of the crime charged; (6) the trial court failed to conduct a competency hearing; and (7) he received an illegal sentence.

¶3.    Because we find that Shanks's motion is both successive-writ barred and time-barred, we affirm the trial court's dismissal of his PCR motion.

**FACTS**

¶4.    A grand jury indicted Shanks on January 9, 2003, for capital murder under Mississippi Code Annotated section 97-3-19(2)(e) (Rev. 2000). The indictment charged:

> [Shanks] did wilfully, unlawfully, feloniously, without the authority of law, and with or without design to effect death, kill and murder one David Small[s], a human being, at a time when he, [Shanks,] was then and there engaged in the commission of the crime of robbery of the said [Smalls].

¶5.    By his March 24, 2003 petition, in a negotiated plea agreement, Shanks pled guilty to deliberate-design murder in order to receive the district attorney's recommendation of a sentence of life imprisonment. As proof of the elements of his charged offense, and to satisfy the factual basis of his plea, Shanks submitted under oath in his guilty-plea petition that the following facts were true: "I killed David Smalls by shooting him [five] times outside the

2

liquor store in Claiborne County . . . ."

¶6. In addition to Shanks's guilty-plea petition, Shanks's attorney, Bill Barnett, certified that he discussed the contents of the petition with Shanks, he was satisfied Shanks fully understood the petition and executed it knowingly and voluntarily, and he knew of no reason for the court to reject Shanks's guilty plea.

¶7. In its March 24, 2003 sentencing order, the trial court sentenced Shanks to life imprisonment. The trial court also noted the following in its sentencing order: (1) Shanks was advised of his legal and constitutional rights; (2) Shanks freely, voluntarily, and intelligently waived those rights; (3) Shanks was advised of the consequences of his guilty plea; and (4) upon direct questioning, Shanks admitted his guilt. *Shanks*, 972 So. 2d at 735 (¶4).

¶8. On March 30, 2006, Shanks filed his first PCR motion with the trial court, claiming his guilty plea was involuntary "because he did not fully understand the elements of the crime of murder." *Id.* at (¶5). The trial court denied Shanks's first PCR motion, finding it barred by the three-year time limit set forth in Mississippi Code Annotated section 99-39-5(2) (Rev. 2006). *Id.* at (¶¶5, 7). On appeal, this Court affirmed. *Id.* at 735-36 (¶¶7, 11).

¶9. Shanks filed his current and second PCR motion on September 11, 2015, more than twelve years after his sentencing on March 24, 2003. The trial court summarily dismissed the motion, and aggrieved, Shanks appeals.

**STANDARD OF REVIEW**

¶10. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only

3

disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Thinnes v. State*, 196 So. 3d 204, 207-08 (¶10) (Miss. Ct. App. 2016) (quoting *Carson v. State*, 161 So. 3d 153, 155 (¶2) (Miss. Ct. App. 2014)).

## DISCUSSION

¶11.    As set forth below, we find that Shanks fails to meet his burden to show a violation of a fundamental constitutional right or to support his other postconviction claims for relief. "Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) provides that an order denying [or dismissing] a PCR motion is considered a final judgment and a bar to a second or successive motion." *Cummings v. State*, 203 So. 3d 1174, 1176 (¶7) (Miss. Ct. App. 2016). Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) provides a defendant who pleads guilty with three years from the date of his judgment of conviction to file his PCR motion. *Id.* at 1175 (¶7). Shanks's current PCR motion is a successive writ that he filed outside the established three-year time limit. Therefore, unless Shanks can show that an exception applies, his motion is both successive-writ barred and time-barred.

¶12.    As the PCR movant, Shanks bears the burden to demonstrate his claims are not procedurally barred because an exception applies. *See McComb v. State*, 135 So. 3d 928, 931-32 (¶¶10, 13) (Miss. Ct. App. 2014). There are three statutory exceptions to the procedural bars. *Cummings*, 203 So. 3d at 1176 (¶8) (citing Miss. Code Ann. §§ 99-39-5(2)(a)-(b) & 99-39-23(6)). Also excepted are "errors affecting fundamental constitutional

4

rights." *Rowland v. State*, 42 So. 3d 503, 508 (¶16) (Miss. 2010).[2] However, "mere assertions of constitutional rights violations do not suffice to overcome the procedural bar[s]." *White v. State*, 59 So. 3d 633, 636 (¶11) (Miss. Ct. App. 2011) (citing *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. Ct. App. 2010)). Here, Shanks contends his claims are not procedurally barred because they raise errors affecting his constitutional rights.

¶13. The Mississippi Supreme Court has held "that a valid guilty plea operates as a waiver of all nonjurisdictional rights or defects which are incident to trial." *Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991) (citing *Ellzey v. State*, 196 So. 2d 889, 892 (Miss. 1967)). Such rights include "those secured by the Fifth, Sixth[,] and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890." *Sanders v. State*, 440 So. 2d 278, 283 (Miss. 1983) (superseded by statute on other grounds) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *Phillips v. State*, 421 So. 2d 476, 479 (Miss. 1982)).[3] A valid guilty plea is one entered voluntarily and intelligently, meaning the defendant was "advised concerning the nature of the charge against him and the consequences of the plea." *Holland v. State*, 956 So. 2d 322, 327 (¶11) (Miss. Ct. App. 2007) (citing *Wilson v. State*, 577 So. 2d

---

[2] *See also Boyd v. State*, 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2014) ("In Mississippi, since *Rowland*, only four types of 'fundamental rights' have been expressly found to survive PCR procedural bars: (1) double jeopardy; (2) illegal sentence; (3) denial of due process at sentencing; and (4) ex post facto claims."). *Cf. Brooks v. State*, 209 Miss. 150, 155, 46 So. 2d 94, 96-97 (1950) (reversing a conviction despite procedural defects where the defendant's fundamental rights to be free from unreasonable searches and seizures and to be free from compulsion to give evidence against himself were violated).

[3] *See also* URCCC 8.04 (discussing the rights waived by the entry of a guilty plea).

394, 396-97 (Miss. 1991)). "The burden of establishing a claim for an involuntary guilty plea is on the petitioner." *Id.* (citing *Green v. State*, 802 So. 2d 181, 184 (¶19) (Miss. Ct. App. 2001)).

¶14.    In the present case, the circuit court found:  (1) Shanks freely, voluntarily, and intelligently waived his legal and constitutional rights; (2) Shanks was advised of the consequences of his guilty plea; and (3) Shanks knowingly and voluntarily entered his guilty plea.  Further, in his guilty-plea petition, Shanks swore under oath:  (1) he was mentally competent to plead guilty; (2) he was not under the influence of drugs or alcohol or suffering from mental illness; (3) he understood the matters in the indictment against him; (4) he understood the consequences of pleading guilty; (5) he freely and voluntarily offered his guilty plea; and (6) he was satisfied with his attorney's legal services.  Shanks's attorney also certified his satisfaction to these facts.  As a result, the record reflects that Shanks has failed to meet his burden to establish the involuntariness of his guilty plea.

¶15.    Furthermore, even though Shanks asserts in the instant PCR motion that the trial court denied him due process by failing to inform him of the elements of second-degree murder, the record reflects that Shanks pled guilty to and was sentenced for first-degree (deliberate-design) murder.  This Court previously determined during its review of Shanks's 2006 PCR motion "that Shanks was sufficiently informed of the elements of [deliberate-design] murder and the consequences of pleading guilty to such a crime."  *See Shanks*, 972 So. 2d at 736 (¶11).  We further held in our prior opinion that Shanks's claim regarding the voluntariness of his guilty plea was procedurally barred since "he voluntarily and knowingly entered a

6

guilty plea for murder[.]" *Id.* Notwithstanding any applicable procedural bars, we find upon review of the record and relevant caselaw that Shanks's claims regarding due process and the voluntariness of his guilty plea lack merit.

¶16. In further addressing the claims Shanks asserts in his instant PCR motion, we also recognize that claims as to the involuntariness of guilty pleas and the ineffectiveness of counsel are not excepted from the procedural bars although they involve fundamental constitutional rights. *Jones v. State*, 174 So. 3d 902, 907 (¶12) (Miss. Ct. App. 2015) (citing *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000)). Even despite the application of relevant procedural bars, however, we acknowledge that a movant's ineffective-assistance claim "must demonstrate: (1) his attorney's performance was deficient, and (2) this deficiency deprived him of a fair trial." *Thompson v. State*, 78 So. 3d 939, 941 (¶4) (Miss. Ct. App. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A movant who relies solely on his own affidavit in making an ineffective-assistance-of-counsel claim, however, does not meet the pleading requirements of our PCR statute. *See Vitela v. State*, 183 So. 3d 104, 108 (¶14) (Miss. Ct. App. 2015); Miss. Code Ann. § 99-39-9(1)(e) (Rev. 2015).

¶17. Notwithstanding the applicable procedural bars, we find Shanks fails to provide any evidence, other than his own assertions, to support his ineffective-assistance-of-counsel claim. *See id.* As a result, Shanks fails to meet the statutory pleading requirements to demonstrate that his counsel was ineffective under *Strickland*. Further, in his guilty-plea petition, Shanks swore under oath that he was satisfied with his attorney's services.

7

Therefore, Shanks's claim lacks merit.

¶18. As to Shanks's assertions about his mental competency, we acknowledge that a defendant's right to be free from trial or conviction while incompetent constitutes a fundamental right that may overcome the procedural bars to PCR motions. *See Smith v. State*, 149 So. 3d 1027, 1031 (¶8) (Miss. 2014) (citing *Pate v. Robinson*, 383 U.S. 375, 385 (1966)). Once the trial court has reasonable ground to believe that the defendant is incompetent, the trial court must submit the defendant to a mental evaluation and then conduct a competency hearing. *Sanders v. State*, 9 So. 3d 1132, 1136 (¶¶15-16) (Miss. 2009) (discussing URCCC 9.06).

¶19. As discussed, however, Shanks swore under oath in his guilty-plea petition that he was mentally competent to make the petition and was not under the influence of drugs or alcohol or suffering from any mental illness. His attorney also certified that he knew of no reason the trial court should reject Shanks's guilty plea. Furthermore, according to the trial court's sentencing order, Shanks appeared personally before the trial court, entered his guilty plea voluntarily and intelligently, and admitted his guilt upon direct questioning. Once again, Shanks fails to present evidence beyond his own assertions to support his claim of incompetency.

¶20. This Court cannot consider "matters which were never presented or argued in the trial court and are not part of the record." *Foster v. State*, 148 So. 3d 1012, 1015 (¶9) (Miss. 2014). In an effort to establish his incompetency, Shanks attaches to his appellate brief a number of exhibits that purport to document his educational and mental health histories from

8

the late 1980s through the late 1990s. However, Shanks presented none of these exhibits to the trial court. Moreover, the documents fail to contradict the evidence before the trial court or to provide a reasonable ground to question Shanks's competency at the time he entered his guilty plea in 2003. The record thus reflects that the trial court possessed no reasonable ground to believe Shanks was incompetent at the time of his guilty plea. As a result, the trial court was not required to conduct a competency hearing. *See* URCCC 9.06. We therefore find that Shanks's claim on this issue lacks merit and fails to overcome the procedural bars.

¶21. In considering Shanks's final assignment of error, we acknowledge the right to be free from an illegal sentence is a fundamental right that may overcome the procedural bars to PCR motions. *See Vitela*, 183 So. 3d at 108 (¶15). "An illegal sentence is one that 'does not conform to the applicable penalty statute.'" *Foster v. State*, 148 So. 3d 1012, 1016 (¶12) (Miss. 2014) (quoting *Grayer v. State*, 120 So. 3d 964, 969 (¶16) (Miss. 2013)). However, Mississippi Code Annotated section 97-3-21 (Rev. 2000) provides a mandatory sentence of life imprisonment for defendants convicted of deliberate-design murder. As the record reflects, Shanks pled guilty to deliberate-design murder. Therefore, the trial court was statutorily authorized and required to sentence Shanks to life imprisonment. As a result, his claim of an illegal sentence fails to overcome the procedural bars.

## CONCLUSION

¶22. The circuit court adjudicated Shanks guilty of deliberate-design murder and sentenced him to life imprisonment on March 24, 2003. Shanks filed his first PCR motion on March 30, 2006, which the trial court subsequently denied. Shanks filed his current PCR motion

9

on September 11, 2015, over twelve years after his judgment of conviction and well beyond the three-year limitations period set forth in section 99-39-5(2). Because Shanks fails to demonstrate the applicability of an exception to the successive-writ bar or the time-bar, we affirm the trial court's dismissal of his PCR motion.

¶23. **THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**