# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00710-COA

SHARONE SIMMONS                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                               APPELLEE

DATE OF JUDGMENT:               04/29/2016
TRIAL JUDGE:                    HON. ANDREW K. HOWORTH
COURT FROM WHICH APPEALED:      LAFAYETTE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         SHARONE SIMMONS (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: ABBIE EASON KOONCE
NATURE OF THE CASE:             CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:        DENIED APPELLANT'S MOTION FOR
                                POSTCONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 05/23/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     On January 8, 2010, the Lafayette County Circuit Court sentenced Sharone Simmons

to ten years in the custody of the Mississippi Department of Corrections (MDOC), with eight

years suspended and three years of postrelease supervision (PRS), for uttering a forgery in

violation of Mississippi Code Annotated section 97-21-59 (Rev. 2006). The trial court later

revoked Simmons's PRS and imposed his previously suspended eight-year sentence after

finding that Simmons committed a new crime in violation of his PRS. Simmons filed his

current motion for postconviction relief (PCR) on April 19, 2016. The trial court denied

Simmons's PCR motion as time-barred. Notwithstanding the time-bar, the trial court also found that Simmons's motion lacked merit.[1] Aggrieved, Simmons timely appeals.

¶2. On appeal, Simmons argues: (1) the trial court unlawfully revoked his PRS; (2) newly discovered evidence entitles him to relief; (3) his right against double jeopardy was violated; (4) his indictment was defective; and (5) his right to a speedy trial was violated.

¶3. Finding no error in the trial court's denial of Simmons's PCR motion as time-barred, we affirm.

**FACTS**

¶4. On January 8, 2010, the trial court sentenced Simmons to ten years in MDOC's custody, with eight years suspended and three years of PRS, for uttering a forgery in violation of section 97-21-59. On October 17, 2011, Simmons entered an initial appearance for the sale of cocaine in violation of Mississippi Code Annotated section 41-29-139 (Rev. 2009). By its December 16, 2011 order, the trial court revoked Simmons's PRS and imposed his previously suspended eight-year sentence because the trial court found that Simmons committed a "new felony crime—sale of cocaine" and was "a[] habitual offender."

¶5. On June 14, 2012, a grand jury indicted Simmons for the sale of a controlled substance in violation of section 41-29-139(a)(1). Pursuant to a negotiated plea agreement, Simmons signed a plea petition on July 9, 2014. The plea petition stated that Simmons, who was under oath, pled guilty to the sale of a controlled substance in exchange for the district attorney's recommendation of a one-year sentence. The one-year sentence was to run

---

[1] The record before this Court fails to contain Simmons's plea colloquy.

2

consecutively to Simmons's eight-year sentence for his 2010 conviction (uttering a forgery). In its July 9, 2014 judgment, the trial court accepted Simmons's guilty plea and sentenced him according to the district attorney's recommendation.

¶6. On April 19, 2016, Simmons filed his current PCR motion to attack the validity of his 2010 conviction for uttering a forgery. Because Simmons filed the motion six years after his January 8, 2010 sentencing, the trial court denied the motion as time-barred. Notwithstanding the time-bar, the trial court found Simmons's motion lacked merit. Aggrieved, Simmons appeals.

## STANDARD OF REVIEW

¶7. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Thinnes v. State*, 196 So. 3d 204, 207-08 (¶10) (Miss. Ct. App. 2016) (quoting *Carson v. State*, 161 So. 3d 153, 155 (¶2) (Miss. Ct. App. 2014)).

## DISCUSSION

¶8. As a preliminary matter, only two issues Simmons raises are properly before this Court on appeal. Mississippi Code Annotated section 99-39-9(2) (Rev. 2015) provides: "A motion shall be limited to the assertion of a claim for relief against one (1) judgment only. If a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions."

¶9. In Simmons's current PCR motion, he identifies his 2010 conviction for uttering a

forgery as the subject of the motion. From a review of the record and Simmons's brief, however, it appears Simmons's requests for relief regarding double jeopardy, a defective indictment, and a speedy trial relate only to his 2014 conviction for the sale of a controlled substance. Because these issues are not properly before this Court, we decline to consider them on appeal. Instead, we limit our review to Simmons's claims regarding the unlawful revocation of his PRS and newly discovered evidence, which pertain to his 2010 conviction.

¶10. Upon review, we acknowledge that Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) "provides that PCR motions 'shall be made . . . within three (3) years after entry of the judgment of conviction' in cases involving guilty pleas." *Cummings v. State*, 203 So. 3d 1174, 1175 (¶7) (Miss. Ct. App. 2016) (quoting Miss. Code Ann. § 99-39-5(2)). Thus, Simmons's current PCR motion concerning his 2010 conviction, to which he acknowledges he pled guilty, is time-barred by the three-year time limit unless Simmons can show an exception applies. As set forth below, however, we find that Simmons fails to meet his burden.

¶11. As the PCR movant, Simmons bears the burden of demonstrating that his claims are not procedurally barred and that an exception applies. *See McComb v. State*, 135 So. 3d 928, 931-32 (¶¶10, 13) (Miss. Ct. App. 2014). Three statutory exceptions exist to the three-year time limit, two of which Simmons raises on appeal: (1) "his parole, probation, or conditional release has been unlawfully revoked"; and (2) the existence of "new evidence, not reasonably discoverable at trial, which would have caused a different result in the conviction or sentence." *Cummings*, 203 So. 3d at 1176 (¶8) (citing Miss. Code Ann. §§ 99-

4

39-5(2)(a)-(b) & 99-39-23(6)).

¶12. Simmons first argues that the trial court unlawfully revoked his PRS. "A probationer does not have to be convicted of a crime to be in violation of his probation[;] rather, probation may be revoked when it is more likely than not that a violation has occurred." *McCalpin v. State*, 166 So. 3d 24, 26-27 (¶7) (Miss. 2013) (citation omitted). The record here does not contain the conditions of Simmons's PRS. The record does contain, however, Simmons's "Certificate of Initial Appearance," which states that Simmons was charged with the sale of cocaine in violation of section 41-29-139.[2] In the trial court's order revoking Simmons's PRS, the trial court found that Simmons's commission of the crime of the sale of cocaine violated the terms of his PRS. Simmons fails to provide in the record any evidence to contradict the trial court's finding.[3] Thus, the trial court's finding that Simmons violated the terms of his PRS was not clearly erroneous, and Simmons's argument that his PRS was unlawfully revoked lacks merit.

¶13. Simmons also argues that newly discovered evidence entitles him to relief. To succeed on this claim, Simmons must show:

> (1) the new evidence was discovered after the trial; (2) it could not by due diligence have been discovered prior to trial; (3) it is material to the issue and not merely cumulative or impeaching; and (4) the new evidence will probably produce a different result or verdict in the new trial.

---

[2] *See* Miss. Code Ann. § 47-7-37.1 (Rev. 2015) (providing that the commission of a felony constitutes a substantive violation that warrants the revocation of probation).

[3] *See Ivy v. State*, 103 So. 3d 766, 770 (¶13) (Miss. Ct. App. 2012) ("This Court 'will not consider matters which are outside the record and must confine ourselves to what actually does appear in the record.'" (quoting *Jones v. State*, 776 So. 2d 643, 649 (¶17) (Miss. 2000))).

*Van Norman v. State*, 114 So. 3d 799, 801 (¶11) (Miss. Ct. App. 2013) (citing *Crawford v. State*, 867 So. 2d 196, 203-04 (¶9) (Miss. 2003)). Simmons asserts that the officer who arrested him for the sale of a controlled substance was fired for fabricating charges against defendants, including Simmons, and that "all cases involving [Simmons's arresting officer] were thrown out."

¶14. Simmons fails, however, to support his bare assertions with any legal authority or record evidence. As the movant, Simmons bears the burden of providing authority and support for his assignments of error, and if he does not provide such support for an assignment of error, this Court is under no duty to consider the claim. *See Hoops v. State*, 681 So. 2d 521, 526 (Miss. 1996). Because Simmons fails to provide any support for his argument beyond his own assertions, we find no merit to his claim that newly discovered evidence entitles him to relief.

## CONCLUSION

¶15. Simmons fails to demonstrate on appeal that an exception to the three-year statutory time-bar applies. As a result, we find no error in the trial court's denial of his PCR motion.

¶16. **THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**