# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00271-COA

**TRAVIS SHANKS A/K/A TRAVIS KEYCON SHANKS**                                         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                           **APPELLEE**

DATE OF JUDGMENT:              02/09/2023
TRIAL JUDGE:                        HON. TOMIKA HARRIS IRVING
COURT FROM WHICH APPEALED:   CLAIBORNE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      TRAVIS SHANKS (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 07/16/2024
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     In 2003, Travis Shanks was indicted in Claiborne County for capital murder. Ultimately, he pled guilty to deliberate design murder.

¶2.     In his petition to plead guilty, Shanks wrote, "I killed David Smalls by shooting him 5 times outside the liquor store in Claiborne County, MS." When asked by the trial court during his plea colloquy if this statement was true, Shanks replied, "Yes, sir." The trial court then made clear that the plea would require him to serve "a life sentence" and that he "would not be entitled to any type of early release prior to that time." Shanks repeatedly indicated he understood, and he was sentenced to life imprisonment.

¶3.     Shanks then sought post-conviction relief from his guilty plea in 2006, which the trial

court denied as beyond the three-year statute of limitations, and on appeal, we affirmed. *Shanks v. State*, 972 So. 2d 734, 736 (¶11) (Miss. Ct. App. 2007). He again sought PCR in 2015, "over twelve years after his judgment of conviction and well beyond the three-year limitations period," and this Court again affirmed a denial of relief based upon the successive-writ bar and the time-bar. *Shanks v. State*, 233 So. 3d 877, 883 (¶22) (Miss. Ct. App. 2017).

¶4. In 2021, through counsel, Shanks filed a new petition for PCR in the trial court. The arguments his lawyer presented were couched as a request for post-conviction relief but were expressly focused on finding a way to obtain parole eligibility for Shanks. In passing, and without any supporting documents, Shanks claimed other similarly situated prisoners had been declared eligible for parole release. The focus was on the sentencing order from Shanks' 2003 guilty plea, which declared he would serve "the remainder of his natural life in the custody of the Mississippi Department of Corrections." Counsel for Shanks claimed this order, in effect, sentenced Shanks to life imprisonment without eligibility for parole—within the bounds of a sentence for capital murder but beyond that for deliberate design (first-degree) murder, the crime to which Shanks plead guilty.[1]

---

[1] As a matter of law, this contention is incorrect. We rejected the same argument over a decade ago, when a petitioner argued that "he cannot receive a sentence of life imprisonment without parole unless he is adjudicated a habitual offender." *Carter v. State*, 115 So. 3d 900, 902-03 (¶10) (Miss. Ct. App. 2013). We reasoned that he was not sentenced as he claimed since "the record shows that the trial court did not sentence Carter to life imprisonment without parole, but, rather, to his natural life in prison." *Id.* "Since he pled guilty to the crime of murder under section 97-3-19, Carter is not eligible for parole; however, he can petition the trial court for conditional release at the age of sixty-five." *Id.* This situation is the exact same one Shanks faced.

¶5.     The trial court initially dismissed Shanks' PCR petition as time-barred and successive-writ barred. However, apparently concerned about the now-archaic phrase "natural life" in the 2003 sentencing order, the trial court subsequently entered an order clarifying that Shanks was to serve "life imprisonment in the custody of the Mississippi Department of Corrections for the crime of first-degree murder." Pursuant to state law, the trial court further found that Shanks was not eligible for parole due to his murder conviction. *See* Miss. Code Ann. § 47-7-3(1)(d) (Rev. 2023) ("No person sentenced for murder in the first degree, whose crime was committed on or after June 30, 1995 . . . shall be eligible for parole").

¶6.     Shanks filed a pro se notice of appeal, raising two issues, more or less focused on forcing MDOC to grant him parole or parole eligibility. In response, the State claims his arguments are barred by both the passage of time and as a successive writ.

¶7.     "When reviewing a trial court's denial or dismissal of a PCR petition, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Cuevas v. State*, 304 So. 3d 1163, 1167 (¶19) (Miss. Ct. App. 2020). In the case of a guilty plea, PCR claims must be made "within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Rev. 2020). The Mississippi Supreme Court has held that a PCR claim is time-barred if the petition is filed beyond the three-year time period unless the claim fits within one of the express statutory exceptions. *Howell v. State*, 358 So. 3d 613, 615-16 (¶¶8, 12) (Miss. 2023).

¶8.     These express statutory exceptions include "an intervening decision of the Supreme

3

Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence;" new evidence that was "not reasonably discoverable at the time of trial;" if "there exists biological evidence not tested" or subject to new "DNA testing" that would have impacted the conviction or sentence; or where a movant's "sentence has expired or his probation, parole or conditional release has been unlawfully revoked." Miss. Code Ann. § 99-39-5(2)(a)-(b).

¶9. To the extent Shanks claims a liberty interest in MDOC's calculation of his sentence or in parole, he "essentially seeks for the Judiciary to force the Parole Board to grant him parole." *Wilde v. State*, 303 So. 3d 792, 795 (¶11) (Miss. Ct. App. 2020). Yet "the decision to grant or deny parole is entrusted to the absolute discretion of the Parole Board" since "[p]arole is not a judicial matter, but one of legislative grace." *Ducksworth v. State*, 174 So. 3d 323, 325 (¶8) (Miss. Ct. App. 2015). In the end, "[p]arole . . . is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole." *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014).[2]

---

[2] In the trial court, counsel for Shanks stressed this was a PCR filing, expressly citing the statutes applying to post-conviction relief and arguing precedent from PCR cases in pursuit of the claim that Shanks was illegally sentenced. Under *Howell*, since an exception did not apply, these claims were clearly time-barred, and the trial court applied statutory law to find that Shanks was not eligible for parole due to his conviction of first-degree murder. *Howell*, 358 So. 3d at 616-17 (¶¶12-13); *see* Miss. Code Ann. § 47-7-3(1)(d).

But to the extent Shanks makes claims in the future based solely upon parole or access to parole, such pleadings are "best viewed as a regular civil action against the Parole Board, not a motion for post-conviction relief." *Fluker v. State*, 200 So. 3d 1148, 1149 (¶3) (Miss. Ct. App. 2016); *Ducksworth v. State*, 174 So. 3d 323, 324 (¶5) (Miss. Ct. App. 2015) (A trial court is "in error pursuant to this Court's decisions" to treat a request for parole or parole eligibility as a PCR filing); *Wilde*, 303 So. 3d at 797 (¶2) (finding a trial court erred in classifying a due process claim based on access to parole as a PCR claim).

¶10. The claims Shanks now raises were filed 16 years beyond the three-year window after his 2003 guilty plea. They are not subject to any of the exceptions or involve decisions vested in the Parole Board. As we have previously held in another PCR case, a petitioner "must *prove* an exception applies." *Bell v. State*, 207 So. 3d 705, 707 (¶6) (Miss. Ct. App. 2016) (emphasis added). Because Shanks has not proved that a statutory exception applies to his claims and because they were filed after the running of the three-year statute of limitations, the trial court properly dismissed his PCR motion as time-barred.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**